[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION IN LIMINE
CT Page 6417
Before the court is a motion in limine filed by one of the defendants, Stop Shop Supermarket Company, seeking to preclude the plaintiff, Elaine F. Verderame, from introducing testimony from a soil scientist about the soil and wetlands conditions at the proposed site. The court sustains the plaintiff's objection and will permit admission of such testimony at trial. The court also grants the defendant a sixty day period within which to depose the witness.
On December 13, 1994, the plaintiff appealed the Town of West Haven Planning and Zoning Commission's November 8, 1994 decision to grant MSWH, Inc. application for a site plan review. MSWH, Inc. proposed to develop a Super Stop Shop at the intersection of Campbell and Washington Avenues in West Haven. Defendant Stop Shop is the successor in interest to MSWH, Inc. The plaintiff claims that she is aggrieved because she owns land within a 100 feet radius from the property at issue. She contends, inter alia, that the defendant did not provide or hold a public hearing as provided for in the regulations and failed to comply with General Statutes § 8-3 (I) and (j).
On May 2, 1997, defendant Stop Shop filed a motion in limine to preclude the plaintiff from introducing testimony of a soil scientist to supplement the existing record. In its supporting memorandum of law, the defendant claims the scientist should have appeared before the Planning Commission when the site plan was being reviewed, thereby permitting Commission members to evaluate his testimony and cross examine if necessary.
On May 9, 1997, the plaintiff filed an objection to the defendant's motion in limine. In her supporting memorandum of law, the plaintiff claims the site plan application was heard by the Planning Commission in a meeting on November 8, 1994 which was closed to the public. She contends that she learned of the application only upon publication of the Notice of Decision on November 14, 1994, thereby precluding public comment on the site plan application.
The court, in its discretion, may entertain a motion in limine filed by any party regarding the admission or exclusion of anticipated evidence in a case assigned for trial. See Practice Book § 284A. This motion may also be filed in land use appeals and litigation. R. Fuller, 9 Connecticut Practice Series: Land Use Law and Practice (1993) § 27.19, p. 501.
Chapter 4, § 74-1 of the West Haven Zoning Regulations provides CT Page 6418 for site plan review and approval by the Planning Commission or a subcommittee thereof. There is no provision for public notice of an application or a public hearing. However, the zoning regulations do provide that the development of a site "preserve sensitive environmental land features such as steep slopes, wetlands, and large rock outcroppings. . . ." Chapter 4, § 74-6.8, p. 92d.
General Statutes § 8-8(k) provides in relevant part "[t]he court shall review the proceedings of the board and shall allow any party to introduce evidence in addition to the contents of the record if . . . it appears to the court that additional testimony is necessary for the equitable disposition of the appeal. . . ." Therefore, the court sustains the plaintiff's objection to the defendant's motion to preclude the testimony of the soil scientist because the potential impact the development of a Super Stop Shop may have on the site's environmental features is relevant to the instant site plan application.
Curran, JTR